# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

GEORGE RANDALL JONES,

    Petitioner,

v.

WARDEN VANCE LAUGHLIN,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-150

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner George Randall Jones ("Jones"), who is currently incarcerated at Wheeler Correctional Facility in Alamo, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in the Camden County, Georgia, Superior Court. (Doc. 1.) Respondent filed an Answer-Response and a Motion to Dismiss, (docs. 5, 6), and Jones filed a Response to Respondent's Motion to Dismiss. (Doc. 9.) For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion, **DISMISS** Jones' Section 2254 Petition, and **CLOSE** this case. I also **RECOMMEND** the Court **DENY** a Certificate of Appealability and **DENY** Jones *in forma pauperis* status on appeal.

## BACKGROUND

Jones was found guilty of armed robbery in the Camden County Superior Court on August 21, 2001. (Doc. 7-1, p. 3.) He was sentenced to life in prison, without the possibility of parole. (Id.) Jones filed a direct appeal, and the Georgia Court of Appeals affirmed his convictions and sentence and remanded for a hearing on ineffective assistance of counsel on April 10, 2002. Jones v. State, No. A02A0634 (Ga. Ct. App. April 10, 2002) (unpublished). On

remand, the trial court denied Jones' motion for new trial based upon his ineffective assistance of counsel claim. Jones v. State, 717 S.E.2d 526, 527 (Ga. Ct. App. 2011). Jones appealed the trial court's decision, and on October 13, 2011, the Georgia Court of Appeals affirmed his conviction and sentence. Id. Jones did not petition the Georgia Supreme Court for a writ of certiorari.

In lieu of filing a state collateral attack of his conviction, Jones filed a Motion to Modify Sentence in the Camden County, Georgia, Superior Court on June 17, 2013, (doc. 7-5), which was denied on June 28, 2013, (doc. 7-6). Jones appealed, and the Georgia Court of Appeals affirmed the Camden County Superior Court's denial of Jones' Motion to Modify Sentence on October 22, 2013. (Doc. 7-7.) Jones then filed a Motion to Vacate a Void Sentence in the Camden County Superior Court on December 4, 2014, (doc. 7-8), which was denied on March 17, 2015, (doc. 7-9). Jones once again filed an appeal, which the Georgia Court of Appeals dismissed on June 9, 2015. (Doc. 7-10). Finally, Jones filed a petition for writ of certiorari with the Georgia Supreme Court, which was dismissed as untimely on September 8, 2015. (Doc. 7-11).

## DISCUSSION

Jones filed this federal petition for writ of habeas corpus on October 16, 2015. (Doc. 1.) Jones challenges his Camden County conviction on three grounds. First, Jones alleges that his conviction and sentence violated his Fourteenth Amendment right to due process because his indictment sheet was defective and the jury verdict form was misleading. (Id. at pp. 6, 8.) Second, he alleges the trial court improperly imposed a life sentence upon him for a single count of armed robbery, when no aggravating circumstances were present. (Id. at p. 6.) Finally, Jones alleges his trial counsel provided ineffective assistance of counsel. (Id. at p. 10.)

Respondent avers Jones' petition was untimely filed and should, therefore, be dismissed. (Doc. 6.) In his Response, Jones reiterates his contention that the trial court unjustly imposed a sentence of life imprisonment upon him without any evidence of aggravating circumstances and in contravention of O.C.G.A. § 17-10-31. (Doc. 9.) Jones further argues that equitable tolling should apply to his case, citing, *inter alia*, Akins v. United States, 204 F.3d. 1086 (11th Cir. 2000). (Id. at p. 5.)

**I.   Whether Jones' Petition was Filed Timely**

To determine whether Jones' petition was filed in a timely manner, the Court must look to the applicable statute of limitations periods. A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Jones' conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Jones was convicted in the Camden County

Superior Court on August 21, 2001. (Doc. 7-1, p. 3.) The Georgia Court of Appeals affirmed his convictions and sentence on October 13, 2011. Jones v. State, 717 S.E.2d 526, 527 (Ga. Ct. App. 2011). Under Georgia Court of Appeals Rule 38, Jones had ten days from that decision in which to either move for reconsideration or file a notice of intent to apply for certiorari to the Georgia Supreme Court. Jones did neither. Therefore, his conviction became final ten days later, on October 24, 2011.[1] Because Jones' conviction became final on October 24, 2011, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2) (emphasis supplied); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance– i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

---

[1] In computing time expressed in days, the last day of that time period is included. "[I]f the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty." O.C.G.A. 1-3-1; see also, Fed. R. Civ. P. 6(a)(1)(c).

Ga. Code Ann. § 1-3-1 (West)

As noted above, Jones' conviction became final on October 24, 2011. He had one year from that date to file a 28 U.S.C. § 2254 petition for writ of habeas corpus or a properly filed application for state post-conviction or other collateral review. Jones filed a Motion to Modify Sentence in the Camden County, Georgia, Superior Court on June 17, 2013—602 days after his conviction became final. (Doc. 7-5.) Because this 602 day period surpassed the one-year window in which Jones could file a timely writ for habeas corpus, Jones' 28 U.S.C. § 2254 petition was not timely filed.

Having determined that statutory tolling is not available to Jones, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Fla., 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Fla., 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Fla., 560 U.S. 631 (June 14, 2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

In his Response to Respondent's Motion to Dismiss, Jones contends that principles espoused in several Eleventh Circuit and United States Supreme Court cases support equitable tolling in this case. (Doc. 9, p. 5.) However, the only case cited by Jones in which either court addresses the issue of equitable tolling does not support Jones' contention.[2] Moreover, Jones has

---

[2] See Akins v. United States, 204 F.3d. 1086 (11th Cir. 2000) (holding that petitioner's untimely filing of his 28 U.S.C. § 2255 motion was not subject to equitable tolling).

5

not shown that he pursued his rights diligently or that some extraordinary circumstance prevented him from timely filing his Section 2254 Petition. Accordingly, Jones is not entitled to equitable tolling.

For all of these reasons, the Court should dismiss Jones' Section 2254 Petition as untimely.

## II.     Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Jones leave to appeal *in forma pauperis*, and he should be denied a Certificate of Appealability ("COA"). Though Jones has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith,

6

if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Respondent's Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 6), **DISMISS** Jones' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, (doc. 1), and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** a Certificate of Appealability and **DENY** Jones leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Jones and the Government.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of June, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA